**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

GYASI CLINE HEARD,

       Petitioner,

v.                                Case No:  8:16-cv-1818-T-30AAS
                                  Crim. Case No: 8:12-cr-52-T-30AAS

UNITED STATES OF AMERICA,

       Respondent.

_____/

## ORDER

THIS CAUSE comes before the Court upon Petitioner Gyasi Cline Heard's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (CV Doc. 1).  By his motion, Heard asserts that he is entitled to relief pursuant to *Johnson v. United States*, 135 S. Ct. 2551 (2015), *declared retroactive by Welch v. United States*, No. 15-6418, 2016 WL 1551144 (Apr. 18, 2016).  Because Heard's motion is an unauthorized, successive § 2255 motion, it should be dismissed.

## BACKGROUND

On May 29, 2012, Heard pleaded guilty without a written plea agreement to five counts of possession with intent to distribute and distribution of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C) (Counts 2-6); and two counts of possession with intent to distribute and distribution of cocaine base and cocaine, in violation of 21 U.S.C.

§§ 841(a)(1), (b)(1)(C) (Counts 9 & 11). (CR Doc. 49). Subsequently, on August 9, 2012, Heard pleaded guilty pursuant to a written plea agreement to one count of conspiracy to possess with intent to distribute and distribution of cocaine base and cocaine, in violation of 21 U.S.C. §§ 841(a), (b)(1)(A)(ii), (b)(1)(A)(iii), 846 (Count 1). (CR Doc. 68).

According to Heard's presentence investigation report ("PSR"), Heard had a base offense level of 34 with two enhancements: (1) a two-level upward adjustment based on the assertion that Heard possessed a dangerous weapon in connection with his drug trafficking activities pursuant to U.S.S.G. § 2D1.1(b)(1);[1] and (2) a two-level upward adjustment for the use of violence in connection with his drug trafficking activities pursuant to U.S.S.G. § 2D1.1(b)(2). (PSR at 13). Heard was also provided a two-level reduction based upon his acceptance of responsibility and an additional one-level reduction because he assisted authorities in the investigation of the offense. (PSR at 13-14). Overall, Heard was assessed a total offense level of 35, resulting in a guideline imprisonment range from 168 to 210 months. (PSR at 14, 18).

Heard was sentenced to 200 months' imprisonment on each count with the terms to run concurrently to be followed by five years' supervised release. (CR Doc. 101). Heard did not file a direct appeal of his judgment and sentence.

---

[1]During the search of Heard's two residences and his business, agents seized $8,890, a small amount of cocaine, a scale, a money counter, assorted ammunition, and forty-four firearms. (PSR at 11). Because these firearms were connected with Heard's drug trafficking activities and to the locations of these activities, § 2D1.1(b)(1) was applied. (PSR at 13).

On March 10, 2014, Heard filed a motion pursuant to § 2255 raising five grounds for relief.  *See Heard v. United States*, No. 8:14-cv-598-T-30AAS (M.D. Fla. Mar. 10, 2014).  His motion was dismissed as time-barred.

## DISCUSSION

Heard's present § 2255 motion is a second or successive motion.  Pursuant to 28 U.S.C. §§ 2255(h) and 2244(b)(3)(A), as amended by the Antiterrorism and Effective Death Penalty Act of 1996, federal prisoners who want to file a second or successive motion to vacate, set aside, or correct a sentence must move in the appropriate court of appeals for an order authorizing the district court to consider the second or successive motion.  *See* 28 U.S.C. § 2244(b)(3)(A).  A three-judge panel of the court of appeals may authorize the filing of a second or successive motion only if it determines that the motion contains claims which rely on either:

> (1) newly discovered evidence that, if proven and viewed in the light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

On July 13, 2016, the Eleventh Circuit denied Heard's request to file a successive motion under § 2255 based on *Johnson*.  (CR Doc. 167).  Because Heard has not received authorization to file a second or successive habeas petition from the Eleventh Circuit, this Court lacks jurisdiction to consider his motion and it should be dismissed.  *See United States v. Holt*, 417 F.3d 1172, 1175 (11th Cir. 2005) ("Without authorization [from the

appropriate court of appeals, a] district court lacks jurisdiction to consider a second or successive petition.").

However, for Heard's benefit, the Court notes he would not be entitled to relief under *Johnson*. In *Johnson*, the Supreme Court held that the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii), defining a violent felony as a crime "involv[ing] conduct that presents a serious potential risk of physical injury to another," is unconstitutionally vague. *See Johnson*, 135 S. Ct. at 2563.

Heard was not sentenced pursuant to the ACCA, and *Johnson* has no application to Heard's guideline enhancements under U.S.S.G. § 2D1.1(b)(1) and (b)(2). Thus, Heard would not be entitled to relief under *Johnson*.

## CONCLUSION

Accordingly, it is therefore **ORDERED AND ADJUDGED** that:

1.      Petitioner Gyasi Cline Heard's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (CV Doc. 1) is DISMISSED.

2.      The Clerk is directed to terminate from pending status the motion to vacate found at Doc. 164 in the underlying criminal case, case number 8:12-cr-52-T-30AAS.

3.      The Clerk is directed to terminate any pending motions and close this case.

DONE and ORDERED in Tampa, Florida, this 25th day of July, 2016.

James S. Moody, Jr.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

4